## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN BALAS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5386** |
| | : | |
| **DR. STANISH,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**ROBRENO, J.**                                    **FEBURARY  16ᵗʰ , 2021**

This matter comes before the Court by way of a Complaint (ECF No. 2), brought by

Plaintiff John Balas, proceeding *pro se*.  Also before the Court is Balas's Application to Proceed

*In Forma Pauperis* (ECF No. 1) and his Prisoner Trust Fund Account Statement (ECF No. 3).

Because it appears that Balas is unable to afford to pay the filing fee, the Court will grant him

leave to proceed *in forma pauperis*.  For the following reasons, the Complaint will be dismissed

without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Balas

will be granted leave to amend.

## I.    FACTUAL ALLEGATIONS[1]

Balas, a prisoner currently incarcerated at State Correctional Institution — Mercer ("SCI

Mercer"),[2] brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his

---

[1]  The facts set forth in this Memorandum are taken from Balas's Complaint (ECF No. 2).

[2]  Although the Complaint identifies Plaintiff as "John Balas," Balas is incarcerated under the
name "Michael Balas."  (*See, e.g.*, Prisoner Trust Fund Account Statement – ECF No. 3.)
Additionally, according to the Pennsylvania Department of Corrections Inmate/Parolee Locator,
Balas (Inmate No. NH7601) is currently incarcerated at SCI Mercer.  *See* Pennsylvania
Department of Corrections ("DOC"), Inmate Locator (Inmate No. "MT2667" (Balas);
http://inmatelocator.cor.pa.gov (last visited February 16, 2020).  Although the address for SCI
Mercer is 801 Butler Pike, Mercer, Pennsylvania, located in Mercer County, the address of

Eighth Amendment rights by the following Defendants:  (1) Dr. Stanish and (2) Pam Smith, "RN/CHCA[.]"[3]  (ECF No. 2 at 2.)  Balas identifies these Defendants as a doctor and a registered nurse, sued "individually and in their official capacity[ies,]" who are "legally responsible for providing medical care for [Balas], for the operations of his/her's [sic] medical department, and the care and welfare of [Balas.]"  (*Id.*)  Balas fails, however, to allege where these Defendants work, where they treated Balas, or how Balas otherwise came to be in their care.[4]

Balas alleges that he came under Defendants' care at an unspecified time in 2019 after he "began to suffer excessive lower abdominal pains."  (*Id.*)  Balas asserts that, when he "reported to Defendants with pain [in] his abdominal section[,]" Defendants "performed an ultrasound" which revealed that Balas had a hernia.  (*Id.*)  At that time, Defendants provided Balas with a hernia belt and pain medications, and allegedly indicated to Balas that he would need an operation "to correct the hernia."  (*Id.* at 2-3.)  The Complaint is a bit unclear, but it appears that Balas's condition continued to deteriorate over some period of time as he alleges that he "suffered from an 'inguinal hernia' where there was protrusion of (a) pi[eces] of the inte[s]tine through an opening in [his] abdominal wall."  (*Id.*)  Balas alleges that he "made cries to

---

record on the docket for Balas is listed as 137 Applegate Lane, Drums, Pennsylvania, which is in Luzerne County.

[3]  The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[4]  While it may be the case that these Defendants are employees of either SCI Mercer or of some other private medical contractor assigned to handle medical treatment for inmates, the Complaint does not allege sufficient facts to support such a proposition.  Additionally, Balas's Complaint fails to allege any details regarding the location where he was treated by Defendants, and the Court cannot determine from the Complaint whether the events he complains of occurred during his incarceration at SCI Mercer or elsewhere.  More recently, Balas separately submitted his "Designation Form" which suggests that the incident at issue occurred at State Correctional Institution – Retreat in Luzerne County.  (*See* ECF No. 6 at 1.)

Defendants of being in daily pain, fear, and [of having] insufficient medications" and that he specifically "made requests for the operation to Defendants" to correct the hernia. (*Id.* at 3.)

Balas contends, however, that Defendants were deliberately indifferent to his "poor and unsafe living conditions[,]" and generally alleges that Defendants "delayed [his] serious medical care and denied [him] adequate medical care." (*Id.*)  Balas asserts that Defendants' deliberate indifference put him at risk "of the hernia extending into his groin, scrotum, and late[r] enlargement[] of the hernia[,]" as well as the potential risk of intestinal "incarceration, strangulation, irreparable injuries, and death." (*Id.*)  As a result, Balas seeks $3,000,000 in compensatory damages, $4,000 in punitive damages from each Defendant, and the hernia operation, plus a refund of all medical co-pays. (*Id.* at 4.)

## II.    STANDARD OF REVIEW

The Court will grant Balas leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *Id.*  As Balas is proceeding *pro se*,

---

[5]   However, because Balas is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Balas's Complaint alleges claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

To state an Eighth Amendment claim, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  Courts generally apply the same standard to claims raised by pretrial detainees based on inadequate medical care.[6]  *See, e.g.*, *Brown v. Deparlos*, 492 F. App'x 211, 214 (3d Cir. 2012) (per curiam); *Duran v. Merline*, 923 F. Supp. 2d 702, 729 (D.N.J. 2013); *see also King v. Cty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008) (assessment of detainee's

---

[6] The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). It is not clear from the Complaint whether Balas was a convicted inmate or a pretrial detainee at the time of the events giving rise to his claims.

claim based on denial of medical care "involves an indirect application of the Eighth Amendment deliberate indifference standard").

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

It is clear from the Complaint that Balas seeks to bring a § 1983 claim against Dr. Stanish and Nurse Smith for alleged Eighth Amendment violations premised upon Defendants' purported delay or denial of medical care to Balas, presumably with respect to the need for additional pain medications and the hernia operation. What is not clear from the Complaint, however, is whether these Defendants are subject to liability under § 1983. As currently pled, the Complaint does not allege sufficient facts to support an inference that these Defendants are state actors subject to liability under § 1983.

Pursuant to § 1983, action under color of state law requires that the one liable under that statute have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011)).  Here, nothing in the Complaint alleges that the medical personnel Balas seeks to sue are state actors.  Beyond alleging their titles, Balas does not allege the employer of either Defendant, nor does the Complaint allege where these Defendants treated him.  While it may be the case that these Defendants are employed as medical personnel at SCI Mercer or are contracted care providers through the Department of Corrections, and that they treated Balas at that facility, it is also entirely possible that these Defendants were private actors who treated Balas elsewhere and had no affiliation with the Commonwealth.  Unfortunately, the Court is unable to make that determination as the Complaint is completely silent on the issue. Balas does not allege whether his initial treatment in 2019 occurred while he was at SCI Mercer or at another facility,[7] or that it even occurred at a facility run by the Department of Corrections at all.

In its current form, the Complaint fails to allege sufficient facts to state a plausible claim of state action on the part of these Defendants.  Balas's claims against the Defendants will be dismissed pursuant to § 1915(e)(2)(B)(ii).  However, the United States Court of Appeals for the Third Circuit has held that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile."  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).  Accordingly, the dismissal of Balas's claims is without prejudice, and he will be granted

---

[7] In fact, the "Designation Form" Balas submitted separately from his Complaint suggests that the incidents at issue occurred at SCI Retreat in Luzerne County.  (*See* ECF No. 6 at 1.)

leave to file an amended complaint if he is able to set forth sufficient facts to cure the defects identified above.  Any amended complaint must also include sufficient facts for the Court to determine where Defendants are located and where the events giving rise to Balas's claims occurred.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Balas leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  This dismissal will be without prejudice to Balas's right to file an amended complaint.  An appropriate Order follows.